1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| JOHN LELAND COMBS,<br>Inmate Booking No. 11109312,<br><br>                                    Plaintiff,<br><br>              vs.<br><br>JAMES PASTO; STAN JONES;<br>SAN DIEGO PUBLIC DEFENDER'S<br>OFFICE; CITY OF SAN DIEGO,<br><br>                                    Defendants. | Civil No.    11cv1412 MMA (WVG)<br><br>**ORDER DISMISSING FIRST<br>AMENDED COMPLAINT<br>WITHOUT PREJUDICE FOR<br>FAILING TO STATE A<br>CLAIM PURSUANT TO<br>28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)** |

19
20

### I.      Procedural History

On June 22, 2011, John Leland Combs ("Plaintiff"), an inmate currently incarcerated at the San Diego Central Jail located in San Diego, California, and proceeding pro se, submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983.  In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].  On July 15, 2011, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  *See* July 15, 2011 Order at 7.  Plaintiff was granted leave to file a First Amended Complaint in order

1  to correct the deficiencies of pleading identified by the Court.  *Id.*  On August 11, 2011, Plaintiff
2  filed his First Amended Complaint ("FAC").

3  **II.     Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

4         As the Court stated in its previous Order, notwithstanding payment of any filing fee or
5  portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints
6  filed by prisoners against officers or employees of governmental entities and dismiss those or
7  any portion of those found frivolous, malicious, failing to state a claim upon which relief may
8  be granted, or seeking monetary relief from a defendant immune from such relief.  *See* 28 U.S.C.
9  §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
10  (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

11         Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only
12  frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However 28 U.S.C.
13  §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule
14  on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal
15  pursuant to FED. R. CIV. P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires
16  a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v.*
17  *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  The district court should grant leave to
18  amend, however, unless it determines that "the pleading could not possibly be cured by the
19  allegation of other facts" and if it appears "at all possible that the plaintiff can correct the
20  defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.
21  1995)); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

22         "[W]hen determining whether a complaint states a claim, a court must accept as true all
23  allegations of material fact and must construe those facts in the light most favorable to the
24  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
25  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  However, while liberal
26  construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258,
27  1261 (9th Cir. 1992), the court may not "supply essential elements of the claim that were not
28

1   initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir.

2   1982).

3       As currently pled, it is once again clear that Plaintiff's First Amended Complaint fails to

4   state a cognizable claim under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof

5   requirements upon a claimant:  (1) that a person acting under color of state law committed the

6   conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or

7   immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983;

8   *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*,

9   474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

10      As Plaintiff did in his original Complaint, he seeks to sue his private retained counsel and

11  the counsel appointed to represent him in his criminal proceedings for "legal malpractice" and

12  "criminal negligence."  (Compl. at 3.)   However, a person "acts under color of state law [for

13  purposes of § 1983] only when exercising power 'possessed by virtue of state law and made

14  possible only because the wrongdoer is clothed with the authority of state law.'"  *Polk County*

15  *v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326

16  (1941)).  Attorneys appointed to represent a criminal defendant during trial, do not generally act

17  under color of state law because representing a client "is essentially a private function ... for

18  which state office and authority are not needed."  *Polk County*, 454 U.S. at 319; *United States*

19  *v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).  Thus, when publicly appointed counsel

20  are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses,

21  presenting evidence at trial and arguing to the jury, they do not act under color of state law for

22  section 1983 purposes.  *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454

23  U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding

24  that public defender was not a state actor subject to suit under § 1983 because, so long as he

25  performs a traditional role of an attorney for a client, "his function," no matter how ineffective,

26  is "to represent his client, not the interests of the state or county.").  Neither James Pasto, the

27  attorney retained by Plaintiff, nor Stan Jones, the attorney appointed to represent Plaintiff are

28  "state actors" for § 1983 purposes.

1    Accordingly, Plaintiff's claims against Pasto and Jones  must be dismissed for failing to

2  state a claim upon which section 1983 relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

3  & 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

4    Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the

5  alleged ineffective assistance of his trial counsel, his claim amounts to an attack on the validity

6  of his underlying criminal proceedings, and as such, is not cognizable under 42 U.S.C. § 1983

7  unless and until he can show that conviction has already been invalidated.  *Heck v. Humphrey*,

8  512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent

9  such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause

10  of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489), *cert. denied*, 124 S. Ct. 2388

11  (2004).

12    *Heck*  holds that "in order to recover damages for allegedly unconstitutional conviction

13  or imprisonment, or for other harm caused by actions whose unlawfulness would render a

14  conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or

15  sentence has been reversed on direct appeal, expunged by executive order, declared invalid by

16  a state tribunal authorized to make such determination, or called into question by a federal

17  court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.  A claim challenging the

18  legality of a conviction or sentence that has not been so invalidated is not cognizable under §

19  1983.  *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

20    In *Heck*, the Supreme Court held that:

21    when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the*

22    *plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the

23    plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the

24    plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the

25    plaintiff, the action should be allowed to proceed.

26  *Heck*, 512 U.S. at 487 (emphasis added).  An action that is barred by *Heck* should be dismissed

27  for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds

28  in invalidating his conviction.  *Edwards*, 520 U.S. at 649.

Here, Plaintiff's ineffective assistance of counsel claims against Pasto and Jones "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512 U.S. at 487. Were Plaintiff to succeed in showing that Pasto and Jones rendered ineffective assistance of counsel, an award of damages would "necessarily imply the invalidity" of his conviction. *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for ineffective assistance of counsel is a conditional writ granting petitioner's release unless state retries him or allows him to pursue an appeal with the assistance of counsel within a reasonable time). Thus, because Plaintiff seeks damages for allegedly unconstitutional criminal proceedings in a criminal case, and because he has not alleged that his conviction has already been invalidated, a section 1983 claim for damages has not yet accrued. *See Heck*, 512 U.S. at 489-90.

Plaintiff also names the San Diego Public Defender's Office as a Defendant in this matter. An agency or department of a municipal entity is not a proper defendant under § 1983. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996). Rather, the county or city itself is the proper defendant. *See Id.* "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). A municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where the constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 1388 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

/ / /

/ / /

/ / /

To establish municipal liability, plaintiff must show: (1) he was deprived of a constitutional right; (2) the city had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. at 1388; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Thus, in order to state a § 1983 claim against the City of San Diego, Plaintiff must allege facts showing that his injury was caused by individual officers whose conduct conformed to an official city policy, custom or practice. *See Karim-Panahi*, 839 F.2d at 624. Therefore, the Court finds that Plaintiff has not stated a § 1983 claim against the City of San Diego because he has failed to allege that any individual officer's conduct conformed to an official city policy, custom or practice.

For all these reasons, the Court finds that Plaintiff's First Amended Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## III.   CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1)     Plaintiff's First Amended Complaint [ECF No. 4] is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). Moreover, the Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

/ / /

/ / /

/ / /

2)   **IT IS FURTHER CERTIFIED** that an IFP appeal from this final order of dismissal would not appear to be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  August 15, 2011

Hon. Michael M. Anello
United States District Judge